[S. F. No. 13473.  In Bank.—August 15, 1931.]

J. D. SHAW, Respondent, v. H. IRVING LEE, Appellant.

Owen D. Richardson and Fry & Jenkins for Appellant.

S. G. Tompkins for Respondent.

Fred A. Wool, as *Amicus Curiae.*

CURTIS, J.—This action was brought for an accounting after dissolution of a partnership consisting of the plaintiff and defendant. The action came on for trial. Each party introduced his evidence and rested. Thereupon the court, by order entered upon its minutes, appointed Louis M. Simonsen referee to expert the books of the copartnership and make a report to the court in accordance with said accounting. It was further provided in said order "that the said findings of said referee be deemed and considered the findings of the court". Thereafter the referee made an examination of the copartnership books, and reported to the court "that the plaintiff J. D. Shaw is entitled to receive from H. I. Lee, defendant, the sum of $1,523.90, to equalize their respective transactions".

The court, after certain proceedings had subsequent to the filing of said report with the court, made findings of fact in which it adopted the report of the referee, and also made separate conclusions of law in which it found that the plaintiff was entitled to judgment against the defendant in the sum of $1523.90. A proper judgment in accordance with these findings of fact and conclusions of law was thereupon entered against defendant. From this judgment the defendant has appealed.

The position of the appellant may best be shown from the following statement contained in his brief: " . . . If it shall be contended by counsel that the Simonsen report is to be construed simply as a report showing the balance reflected by the books, leaving for additional evidence the explanation of the items contained in the books, the correctness and propriety of the charges, and such other matters as can be explained only by extrinsic evidence, it at once becomes obvious that the court below did not try the whole case and that the defendant has been deprived of his opportunity to present his side of the controversy." In view of the record in the case, we think there is no merit in appellant's position. The minutes of the court showing the proceedings taken at the trial, after stating that each party introduced witnesses in support of his contentions, further recited: "Thereupon both parties rest and the matter is submitted to the court. Whereupon the court makes its order appointing Louis M. Simonsen referee to

expert the books of said copartnership and make a report to the court in accordance with said accounting; and it is further ordered that the said findings of said referee be deemed and considered the findings of the court.'' No attack is made upon these minutes of the court as not containing a true statement of the proceedings in court at the time of the trial. It appears therefrom that each party had rested his case and submitted the same to the court for decision. If either party desired to dispute the correctness of the partnership books or had any extrinsic evidence to offer in explanation of any matters contained therein, it was his duty at that time to make his wishes or purposes known to the court. This was especially true in view of the order of the court, to which the appellant made no objection, that the findings of the referee would be deemed and considered the findings of the court.

As we have seen, there was but one issue before the court and that was the amount due as shown by the accounting. This issue the court referred to the referee to try and determine. ''The finding of the referee . . . upon the whole issue must stand as the finding of the court. . . . '' (Sec. 644, Code Civ. Proc.) The next section of the code provides how such a finding may be reviewed, that is, ''in like manner as if made by the court''.

Had no other proceedings been taken than those recited above, the judgment of the court against the defendant would have to stand. But the record before us shows that upon the filing of the report of the referee, the court set a day for a hearing of said report. Both parties were present and an extended hearing was held. Another referee, a Mr. Rosenthal, was appointed to make a further examination of the partnership books. Rosenthal made two reports, in one of which he found that the plaintiff was indebted to the defendant in the sum of $2,311.83. He later filed a second report finding that plaintiff was indebted to defendant in the sum of $1352.92. These reports of Rosenthal, as well as additional testimony of the parties, were before the trial court at the time it finally approved the Simonsen report ''as the Finding of the Court, and the conclusions found therefrom are also the conclusions of the court''. Thereafter, as already stated, the court made formal findings in which it incorporated the findings of the referee.

It is apparent that appellant's claim, that the court did not try the whole case, or that he was deprived of his opportunity to present his side of the controversy, finds no support whatever in the record of the case before us and which has been referred to above.

The judgment is affirmed.

Langdon, J., Preston, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.